FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 2 3 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**BOBBY ACKLIN**                                                    **PLAINTIFF**

NO. *4:20CV1383-JM*

**NORTH LITTLE ROCK SCHOOL
DISTRICT, a public body corporate**                          **DEFENDANT**

This case assigned to District Judge _Moody_
and to Magistrate Judge _Ray_

**COMPLAINT**

Comes now the Plaintiff, Bobby Acklin, by and through his attorney, Richard L. Mays,

Sr., *Mays, Byrd & Associates, P.A.* and for his Complaint does hereby state the following:

1.      This is a suit brought and instituted under this Court's federal question

jurisdiction.   This is a suit in equity authorized and instituted by Title VII of the Civil Rights Act

of 1964, as amended, under 42 U.S.C. §1981 and the Arkansas Civil Rights Act.   Jurisdiction of

this Court is invoked to secure protection of Plaintiff's Constitutional Rights and to address the

denial or rights secured by 42 U.S.C. §2000e, *et seq.*

2.      An injunction and appropriate relief against all forms of unlawful discrimination

practiced by Defendant is sought herein.   This Court's jurisdiction is invoked to secure

protection and to address the denial of rights secured by the 14th Amendment to the Constitution

of the United States of America, the laws of the United States of America and the laws of the

State of Arkansas.

3.      This Court's pendant jurisdiction is invoked to address the state law tort of

intentional infliction of emotional distress.

1

4.     All conditions precedent to jurisdiction have occurred or have been complied with.   Charges of employment discrimination were filed with the Equal Employment Opportunity Commission (EEOC) within one hundred eighty (180) days of certain unfair employment practices complained of herein.   Notification of right to sue was given by the attached letter dated August 28, 2020 and received on or about August 30, 2020.

## II.  PARTIES

5.     Plaintiff Bobby Acklin is a black, male citizen of African/American descent who is a resident of Pulaski County, Arkansas.

6.     Defendant North Little Rock School District is a quasi municipal corporation created and organized by the state legislature and charged with the administration of public schools within that state. It was the employer of the Plaintiff at all relevant times herein.

## III.  FACTS

7.     Bobby Acklin was employed by the Defendant in July 2018 as the first African American Superintendent in the history of the North Little Rock School District.

8.     Plaintiff was subjected to different terms of conditions of employment from his white predecessors who were employed as Superintendent of the North Little Rock School District and even his white counterpart, employed after his discharge.

9.     The Plaintiff was generally regarded as being highly competent in the performance of his duties and had a 24 history of employment with the School District, including the position of Assistant Superintendent.

10.     The North Little Rock School District has about 9,000 children with at least a black student enrollment of approximately 63% and a white student enrollment of approximately 29%.

11.     The racial composition of the School Board, at the time that Plaintiff was employed, was four blacks and three whites.

12.     The black members of the North Little Rock School Board had to agree to pay Plaintiff $10,000 less than Plaintiff's white predecessor in order to get white support for his employment.

13.     Ms. Cindy Temple, one of the white School Board members, who supported hiring Plaintiff, volunteered to manage the preparation of Plaintiff's contract of employment and represented that his employment contract contained the standard provisions of the previous white Superintendent's contract.

14.     Notwithstanding her representatives, Plaintiff's contract contained a termination clause which was materially different from all of his white predecessors and his white Superintendent successor.

15.     Plaintiff's contract represents the first and only time in the history of the North Little Rock School District that it included language in a Superintendent's contract that allowed the School Board to discharge the Superintendent without cause.

16.     Plaintiff realized that there was some opposition to his leadership when he found a hangman's rope noose hanging in the high school after he assumed his leadership responsibilities.

17.     When one of the black Board Members resigned, because she had moved out of the District, the Board replaced her with a white local member, who applied for the position, making the composition 4 whites and 3 blacks.

18.     Despite voting to renew Plaintiff's contract in March, 2020, the 4 white Board Members voted to terminate Plaintiff without a Board Meeting and without giving him or the

black Board Members any notice that his contract would even be discussed.

19.     The vote was along racial lines, with the 4 white Board Members voting to terminate Plaintiff and the black Board Members voting against termination.

20.     The Plaintiff did not have an opportunity to defend himself because no allegations of poor job performance or misconduct had been made against the Plaintiff.

21.     On the night of the Boarding Meeting in   which Plaintiff was terminated, the black Board Members were completely surprised by the motion of the white Board Members to terminate Plaintiff because there had not been any discussion or notice of any dissatisfaction with Plaintiff's job performance or that any issue about the Plaintiff would even be on the agenda.

22.     On or about April 23, 2020, the Plaintiff was discharged from his position as Superintendent without notice or even a reason for his discharge.

23.     The Plaintiff was never disciplined or reprimanded for job performance.

24.     Although Plaintiff has consistently proven to be highly capable at his job, he has suffered degradation and extreme mental anguish at the hands of his employer.

25.     That the actions of Defendant were motivated by a desire to inflict emotional distress on Plaintiff.

26.     That such treatment by Defendant was unwarranted and adversely affected Plaintiff's rights to wages and benefits associated with his employment.

27.     At all times during Plaintiff's employment he was qualified and was performing his job duties and responsibilities competently.

28.     That Plaintiff has suffered physically and emotionally from the actions of Defendant.

4

29.     That Plaintiff has suffered lost wages as a proximate result of the actions of Defendant.

30.     That Defendant's treatment of Plaintiff was motivated by his race, African American.

WHEREFORE, Plaintiff prays that he be awarded the following relief:

1.      A declaratory judgment that the practices complained of herein are unlawful and violative of the rights guaranteed by the United States Constitution, the laws of the United States and the State of Arkansas.

2.      Compensatory damages to remedy Plaintiff's deprivation of the wages, rates, salaries, bonuses and business emoluments he would have otherwise received but for Defendant's misconduct and unlawful practices.

3.      Compensatory damages for the torts complained of herein in an amount to be determined at trial.

4.      An award of punitive damages in an amount to be determined at trial to deter Defendant from acting in such a grievous manner.

5.      Costs and disbursements of this action, including reasonable attorney's fees and all other relief as may be just and proper.

6.      Prospective relief in the form of future damages until such time he is placed in the employment position he would have occupied but for the unlawful acts of Defendant.

7.      A trial by jury.

Respectfully submitted,

BY: _____

Richard L. Mays, Sr., #AR68036
MAYS, BYRD & ASSOCIATES, P.A.
212 Center St., 7th Floor
Little Rock, AR 72201
501-372-6303
E-mail: rmays@maysbyrdlaw.com

ATTORNEY FOR PLAINTIFF

6

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Bobby Acklin**<br>**1224 Kierre Loop**<br>**North Little Rock, AR 72116** | From: | **Little Rock Area Office**<br>**820 Louisiana**<br>**Suite 200**<br>**Little Rock, AR 72201** |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **493-2020-01246** | **Chris E. Stafford,**<br>**Investigator** | **(501) 324-5812** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt** of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

| | |
|---|---|
| **William A. Cash, Jr.,**<br>**Area Office Director** | 08/28/2020<br>*(Date Mailed)* |

Enclosures(s)

cc:
**Jacob Smith**
**Human Resource Director**
**NORTH LITTLE ROCK SCHOOL DISTRICT**
**2400 Willow St.**
**North Little Rock, AR 72114**

**Jay Bequette**
**Bequette Billingsley & Kees**
**425 W. Capitol Ave., Ste. 3200**
**Little Rock, AR 72201**



Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. In order to file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than** **2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** **within 6 months** **of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc:  **Jay Bequette**
**Bequette Billingsley & Kees**
**425 W. Capitol Ave., Ste. 3200**
**Little Rock, AR 72201**